IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WALTER WILKERSON, III, | ) | No. C 10-4773 LHK (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| v. | ) | |
| CDCR CTF - Central Soledad State Prison, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 against the Central Training Facility and several of its employees. Plaintiff's motions for leave to proceed in forma pauperis are granted in a separate order. For the reasons stated below, the Court DISMISSES the complaint for failure to state a claim.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

1    *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2        To state a claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.    <u>Plaintiff's Claim</u>

       According to the amended complaint, on February 5, 2009, Plaintiff was sent to the medical clinic for physical therapy as part of his treatment from a recent knee surgery. He was instructed by the medical staff to sit and wait on the bench in front of the clinic because the clinic was too full. After ten minutes, the bench collapsed and Plaintiff and several other inmates who were sitting on the bench fell. Plaintiff experienced great pain in his knee and lower back. He was instructed to "stay down and was assisted into a wheelchair and taken for immediate medical attention." Plaintiff alleges that the bench was improperly fastened to the wall and had fallen before. Plaintiff further alleges that the staff knew about the bench's dangerous condition when they instructed Plaintiff to sit on it.

       The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The conditions under which a prisoner is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *Farmer*, 511 U.S. at 834 (citing *Wilson*, 501 U.S. at 297). In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). However, neither negligence nor gross negligence is actionable under § 1983 in the prison context. *See Farmer*, 511 U.S. 825 at 835-36 & n.4.

1     Here, Plaintiff fails to state a cognizable claim upon which relief may be granted. Liberally construed, Plaintiff's allegation does not meet the objective test of being sufficiently serious to rise to the level of an Eighth Amendment claim. Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries. *See, e.g.*, *DeMallory v. Cullen*, 855 F.2d 442, 444 (7th Cir. 1988) (correctional officer spitting upon prisoner does not rise to level of constitutional violation); *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1985) (no claim stated where prisoner forced to spend two days in hot dirty cell with no water); *Miles v. Konvalenka*, 791 F. Supp. 212 (N.D. Ill. 1992) (single instance of finding mouse in food not actionable); *Vaga v. Parsley*, 700 F. Supp. 879 (W.D. Tex. 1988) (burned out light bulb, promptly replaced, does not violate Eighth Amendment); *Evans v. Fogg*, 466 F. Supp. 949 (S.D.N.Y. 1979) (no claim stated by prisoner confined for 24 hours in refuse strewn cell and for two days in flooded cell). Federal courts instead should avoid enmeshing themselves in the minutiae of prison operations in the name of the Eighth Amendment. *See Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981).

    Though district courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints, *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc), a pro se complaint "may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (citations and internal quotations omitted). Here, even liberally construed, under the circumstances alleged, Plaintiff has not alleged facts sufficient to entitle him to relief for a civil rights violation. As a result, the Court concludes that leave to amend would be futile.

    Accordingly, this claim is DISMISSED for failure to state a claim. The Clerk shall close the file.

    IT IS SO ORDERED.

DATED: __12/17/2010__        _____*Lucy H. Koh*_____
                                                  LUCY H. KOH
                                                  United States District Judge